
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**William Radcliffe,**
        **Plaintiff,**

      vs.      02-3248

**Donald N. Snyder, et al.,**
        **Defendants.**

**ORDER**

      The plaintiff, an inmate formerly incarcerated within the Illinois Department of Corrections (IDOC), but now on Mandatory Supervised Release, filed this lawsuit pursuant to 42 U.S.C. Section 1983, alleging that the defendants violated his religious and due process rights while he was incarcerated at Logan Correctional Center. In an order dated February 3, 2004, this court dismissed the plaintiff's due process claims and his First Amendment claim regarding the serving of pork sausage to him and other Muslim inmates.

      The remaining defendants are Thomas F Paige, Deputy Director of IDOC; Diane Jockish, Assistant Deputy Director of IDOC; James G. Cox, Warden, Logan Correctional Center; Ray Vonderahe, Assistant Warden of Programs, Logan Correctional Center and Henry Johnson, Head Chaplain, Logan Correctional Center. The plaintiff's only remaining First Amendment Claim alleges that his religious rights were violated by the denial of Muslim celebrations. He claims that a "Night of Power" prayer was cancelled on December 6, 2001, even though it had been approved at the facility level by the defendants Cox, Johnson and Vonderahe. The plaintiff also claims that Muslim were offered only cookies and juice for the Eid UI Fitr feast on December 21, 2001, which he refused because it was not as good as the meals offered at Christmas and for Catholics on Fridays. He also claims a March 1, 2002, Eidul Adha feast was denied. He claims that then Warden Cox denied it because Defendant Jockisch ordered it.

      Before the court is the defendants' unopposed summary judgment motion, d/e 36.

**Standard**

      Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied,* 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the

evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Undisputed Facts

1. The plaintiff has not exhausted his administrative remedies with respect to his claim regarding the cancellation of the Eid Ul Adha feast scheduled for March 1, 2002 or the "Night of Power" celebration. (See affidavit of Nancy S. Tucker, d/e 37, defendants' exhibit A).

2. The Eid Ul Fitr Feast, scheduled for December 21, 2002, was not cancelled, but rather cookies and juice were served to celebrate the end of Ramadan (See the plaintiff's Complaint, ¶ 5).

3. During the time frame of the plaintiff's complaint, the IDOC curtailed certain religious feasts from all denominations. Specifically, the IDOC stopped allowing food items from outside sources to be provided at religious feasts. This applied to all religious faiths. Allowing food items from unknown sources to be brought into correctional facilities posed a health and security risk to the facilities which was viewed as unacceptable. For the Eid Ul Fitr feast, IDOC-supplied cookies and juice were offered (Affidavit of Thomas Page, attached hereto and incorporated herein as Defendants' Exhibit B).

4. The traditional holiday-type menu offerings provided to all Logan CC inmates regardless of their faith was not a religious feast, nor were these menu offerings meant as an endorsement of a particular religious belief (Affidavit of Thomas Page, attached hereto and incorporated herein as Defendants' Exhibit B).

5. The "Night of Power" prayer service, wherein Logan CC inmates of the Muslim faith sought to stay in a housing unit gymnasium overnight, was cancelled as a reasonable response to a legitimate penological concern, in this case the safety and security of a correctional facility. A gymnasium is not a housing unit, and is not designed for inmates

to stay for an extended period of time, such as overnight. To accommodate such a request, additional security staff and a change in security procedures would have been necessary. Such changes would have had a detrimental impact on the operation of Logan CC, and thus were not approved (Affidavit of Thomas Page, attached hereto and incorporated herein as Defendants' Exhibit B).

## Discussion

**Exhaustion of grievance.**

Before filing a civil rights claim, all prison inmates bringing an action under 42 U.S.C. §1983 must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. (42 U.S.C. §1997(a)); *Porter v. Nussle*, 122 S. Ct. 983 (2002); *Booth v. Churner*, 121 S. Ct. 1819 (2001). In order to fully exhaust administrative remedies, plaintiffs are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, appeal the denial to the Administrative Review Board ("ARB"). 20 Ill. Admin. Code 504.850. A prisoner has not fully exhausted his administrative remedies until after the ARB has made a decision. *Martin v. Eneix*, 1997 U.S. Dist. LEXIS 1227 (N.D. Ill. 1997). Additionally, in order to exhaust his administrative remedies, a prisoner must follow the grievance rules prescribed by the prison's administrative rules. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). To allow an inmate to claim he exhausted his remedies after failing to comply with department grievance rules would "allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem — or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner." *Id.*, citing *Porter v. Nussle*, 122 5. Ct. 983 (2002); *Booth v. Churner*, 121 S. Ct. 1819 (2001). Moreover, the lawsuit of a prisoners who failed to exhaust administrative remedies must be dismissed, and the trial court "lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 533 535 (7th Cir. 1999).

**Prison regulations that impinge on an inmate's constitutional rights.**

"When a prison regulation impinges on an inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 42 U.S. 342, 349, 107 S.Ct. 2400, 2404 (1987), citing *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987). Four factors must be examined to determine if the regulation is reasonably related to legitimate penological interests: (1) whether a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it exists, (2) whether there are alternative methods of exercising the right that remain open to the inmate, (3) the impact of accommodating the right on staff, inmates and prison resources, and (4) the absence of ready alternatives. *Turner* at 482 U.S. at 89-90, 107 S.Ct. at 2262.

Courts should not substitute their judgment for that of prison administrators, even where claims are made under the First Amendment. *O'Lone* at 2407.

## Defendants' Arguments

The plaintiff has failed to exhaust his administrative remedies with respect to his claim regarding the cancellation of the Eid UI Adha feast scheduled for March 1, 2002 or the "Night of Power" celebration. The only religious grievance on file with the IDOC Administrative Review Board is the one regarding the sausage incident. Although the plaintiff complains in his complaint about a grievance being lost, it is the one he filed over the sausage incident. The plaintiff's failure to grieve the cancellation of the Eid UI Adha feast or the "Night of Power" celebration bars him from raising those issues in this court, and the defendants are entitled to summary judgment in regard to this aspect of the plaintiff's complaint. The court agrees and the defendants are granted summary judgment as to this aspect of the plaintiff's complaint.

The Eid UI Fitr Feast, scheduled for December 21, 2002, was not cancelled, but rather IDOC-supplied cookies and juice were served to celebrate the end of Ramadan. The limitation of all religious celebrations to IDOC-supplied foodstuffs was a reasonable response to the health and safety concerns presented by a correctional facility.

The traditional holiday-type menu offerings provided to all Logan CC inmates regardless of their faith was not a religious feast, nor were these menu offerings meant as an endorsement of a particular religious belief.

The provision of IDOC-supplied cookies and juice to Eid UI Fitr celebrants was a reasonable response to the health and safety concerns presented by a correctional facility and thus constitutionally acceptable. The court agrees and the defendants are therefore entitled to summary judgment in regard to this aspect of the plaintiff's complaint.

The "Night of Power" prayer service, wherein Logan CC inmates of the Muslim faith sought to stay in a housing unit gymnasium overnight, was cancelled as a reasonable response to a legitimate penological concern. In this case the safety and security of a correctional facility. A gymnasium is not a housing unit, and is not designed for inmates to stay for an extended period of time, such as overnight. To accommodate such a request, additional security staff and a change in security procedures would have been necessary. Such changes would have had a detrimental impact on the operation of Logan CC, and thus were not approved, but in this case, that denial does not equate to a constitutional violation. The court agrees and therefore, the defendants are entitled to summary judgment in regard to this aspect of the plaintiff's complaint.

**It is therefore ordered:**

1. **Pursuant to Fed. R. Civ. P. Rule 56(c), the defendants' unopposed summary judgment motion, d/e 36, is granted. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff, forthwith.**

2. **Any remaining issues are rendered moot, with parties to bear their own costs.**

3. **If the plaintiff wishes to appeal this judgment, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).**

**Enter this 28th day of September 2005.**

/s/ Harold A. Baker
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**